UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. MACKLIN, | No. 2:10-cv-1097 MCE KJN PS |
| Plaintiff, | |
| v. | ORDER |
| MATTHEW HOLLINGSWORTH, et al., | |
| Defendants. | |

Presently before the court is plaintiff James Macklin's ("plaintiff") motion for leave to amend his complaint for a second time. (ECF No. 40.) On March 17, 2014, the court ordered plaintiff to file a motion for leave to file a Second Amended Complaint along with a proposed Second Amended Complaint. (ECF No. 39.) In compliance with this order, plaintiff filed a motion for leave to amend on April 15, 2014. (ECF No. 40.) Plaintiff has attached a proposed Second Amended Complaint to his motion.[1] (Id. at 13-38.)

Plaintiff states in his motion for leave to amend that he seeks to add Wells Fargo & Co. ("Wells Fargo") and Quality Loan Service Corporation ("Quality Loan") as new defendants and

---

[1] Pursuant to the court's March 17, 2014 order, defendants have not filed an opposition to plaintiff's motion for leave to amend. The court stated in this previous order that it would assess plaintiff's motion and proposed Second Amended Complaint and would direct defendants to file a statement of opposition, if any, only if the court determined that such a response would be necessary. (ECF No. 39 at 2.)

1

both proposed parties are named as defendants in the proposed Second Amended Complaint.[2] (ECF No. 40 at 12.) Furthermore, plaintiff seeks to add causes of action for illegal contract, breach of contract, violations of the Equal Credit Opportunity Act, violations of the Fair Credit Reporting Act, violations of the Truth in Lending Act, and violations of California's Unfair Competition Law.[3] Plaintiff states in his motion that he only recently became aware of the alleged involvement of Wells Fargo and Quality Loan in the acts underlying plaintiff's claims and of the facts underlying plaintiff's proposed new claims while this case was stayed during the pendency of plaintiff's bankruptcy proceedings.

Federal Rule of Civil Procedure 15(a)(2) governs plaintiff's request for leave to amend. Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further provides that "[t]he court should freely give leave when justice so requires," id., and the Ninth Circuit Court of Appeals has stated that "requests for leave should be granted with 'extreme liberality.'" Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009) (citation omitted). However, the Court of Appeals has also cautioned that "liberality in granting leave to amend is subject to several limitations," which include "undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th

---

[2] The court notes that plaintiff does not name Mortgage Electronic Registration Systems, Inc. as a defendant in the proposed Second Amended Complaint even though it was named as a defendant in the First Amended Complaint. Plaintiff is cautioned that the court cannot refer to a prior complaint, brief, exhibits, or other filings to make plaintiffs' Second Amended Complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. Thus, once the Second Amended Complaint is filed, it supersedes the First Amended Complaint, which no longer serves any function in the case. Accordingly, because plaintiff no longer names Mortgage Electronic Registration Systems, Inc. in his proposed Second Amended Complaint, a grant of plaintiff's motion will effectively result in a dismissal of Mortgage Electronic Registration Systems, Inc. from this case.

[3] Plaintiff does not include in his proposed Second Amended Complaint claims for violations of the Fair Debt Collection Practices Act, fraud by concealment, Fourteenth Amendment Due Process violations, Real Estate Settlement Procedures Act violations, and intentional infliction of emotional distress, which are all stated in the First Amended Complaint. Accordingly, a grant of plaintiff's motion will effectively result in a dismissal of these claims because the court can no longer refer to plaintiff's First Amended Complaint if it is to grant plaintiff's motion for leave to amend.

Cir. 2011) (citations and quotation marks omitted); accord <u>AmerisourceBergen Corp. v. Dialysist West, Inc.</u>, 465 F.3d 946, 951 (9th Cir. 2006).

Additionally, in regards to the permissive joinder of parties, Federal Rule of Civil Procedure 20(a)(2) provides:

> **(a) Persons Who May Join or Be Joined**. . . .
>
> **(2) Defendants.** Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

This rule is conjunctive in nature, requiring an adequate showing under Rule 20(a)(2)(A) and Rule 20(a)(2)(B). In essence, a plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); <u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1351 (9th Cir. 1997); <u>Desert Empire Bank v. Insurance Co. of North America</u>, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Federal Rule of Civil Procedure 18(a), which permits the joinder of multiple claims against the same party.[4]

Plaintiff's proposed amendment to add Wells Fargo and Quality Loan as defendants plainly satisfies the requirements of Federal Rule of Civil Procedure 20(a)(2). As to Rule 20(a)(2)(A)'s "same transaction, occurrence, or series of transactions or occurrences" requirement, plaintiff has satisfactorily alleged that Wells Fargo and Quality Loan were involved in the origination, underwriting, servicing, and foreclosure of the residential home loan that forms

---

[4] Federal Rule of Civil Procedure 18(a) states that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party."

the basis of plaintiff's causes of action stated in the Second Amended Complaint. These allegations also satisfy Rule 20(a)(2)(B)'s requirement of the presence of a common question of law or fact common in the action.

While the undersigned is cognizant of the fact that the currently-named defendants have not been granted an opportunity to oppose plaintiff's motion for leave to amend[5] and of the fact that they earlier expressed a desire to oppose such a motion if one were made (see ECF No. 37 at 9), it does not appear that they will suffer undue prejudice as a result of a grant of plaintiff's motion. While this case has had quite a prolonged history, primarily due to the automatic stay imposed during plaintiff's bankruptcy proceedings, no discovery has taken place, no pre-trial deadlines have been set, and no defendants have yet answered the First Amended Complaint. Additionally, there is no indication from the record that the proposed amendment is futile, is motivated by bad faith, or that plaintiff acted with undue delay in bringing the present motion. Accordingly, the undersigned grants plaintiff leave to amend in light of the policies favoring liberal amendment.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend his complaint (ECF No. 40) is granted.

2. Plaintiff's proposed Second Amended Complaint found at docket entry 40 at pages 13 through 38 is deemed the operative complaint and shall be served as plaintiff's "Second Amended Complaint."

3. The Clerk of Court is directed to issue, and serve on plaintiff, a summons as to defendant Wells Fargo & Co.

4. The Clerk of Court is directed to issue, and serve on plaintiff, a summons as to defendant Quality Loan Service Corporation.

---

[5] The court stated in its March 17, 2014 order that defendants need not file an opposition to plaintiff's motion to amend and that the court would "direct defendants to file an opposition to the motion if the court determine[d] that such a response w[ould] be necessary." (ECF No. 39 at 2.) After assessing plaintiff's motion and proposed Second Amended Complaint, the court has determined that an opposition will not be necessary because, for the reasons noted above, plaintiff's proposed amendments will not cause defendants any undue prejudice under the circumstances and do not appear to be futile, made in bad faith, or made with a motive to delay.

5. Defendants Wells Fargo & Co. and Quality Loan Service Corporation shall file an answer or other response to plaintiff's Second Amended Complaint within 21 days of being served with the summons and Second Amended Complaint.

6. On or before July 21, 2014, defendants who have already appeared in this case and are still named in plaintiff's Second Amended Complaint shall file an answer or other response to plaintiff's Second Amended Complaint.

IT IS SO ORDERED.

Dated: July 1, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE