UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. MACKLIN,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW HOLLINGSWORTH, et al.,<br><br>    Defendants. | No. 2:10-cv-01097-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

Presently before the Court is Plaintiff's Motion for Relief pursuant to Federal Rule of Civil Procedure 60(b) and (d) ("Motion for Reconsideration"). ECF No. 89. For the reasons set forth below, Plaintiff's Motion is DENIED.[1]

**BACKGROUND**

On July 1, 2014, James L. Macklin ("Plaintiff") filed a Second Amended Complaint ("SAC") (ECF No. 43) with this Court alleging that Defendants Select Portfolio Servicing, Inc. ("Select Portfolio"), Wells Fargo Bank, N.A. ("Wells Fargo"), Deutsche Bank National Trust Co. ("Deutsche Bank"), and Quality Loan Service Corporation ("Quality Loan")

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

committed breach of contract and violations of several Federal and California statutes governing lending and other business practices in connection with the origination, underwriting, servicing, and foreclosure of Plaintiff's residential home loan.

Three of the named Defendants—Deutsche Bank, Select Portfolio, and Quality Loan—filed a Motion to Dismiss before the assigned Magistrate Judge on July 21, 2014. Mot. to Dismiss, ECF No. 45.  The Magistrate Judge issued his Findings and Recommendations on September 8, 2014, recommending that the Motion be granted under the doctrine of claim preclusion, based on the fact that all claims were either adjudicated by the Bankruptcy Court during a related adversary proceeding, or could have been asserted by Plaintiff during the adversary proceeding.  ECF No. 65, 23: 5-7. On December 29, 2014, this Court adopted in full the Findings and Recommendations as to Deutsche Bank, Select Portfolio, and Quality Loan's Motion to Dismiss.  ECF No. 86.  On August 18, 2014, Wells Fargo filed a separate Motion to Dismiss (ECF No. 62), which was similarly granted by this Court on the basis of claim preclusion.[2]  ECF No. 87.

Plaintiff now requests that the Court reconsider the order adopting the Findings and Recommendations (ECF No. 86) and the order on Wells Fargo's motion to dismiss (ECF No. 87).

## STANDARD

Both Federal Rule of Civil Procedure 60 and Local Rule 230 govern Plaintiff's Motion for Reconsideration.  Generally, a court should not revisit its own decisions unless extraordinary circumstances show that its prior decision was wrong. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988).  Reconsideration may be appropriate in one of three situations: (1) newly discovered evidence is presented; (2) the court has committed clear error or issued an initial decision that was

---

[2] This Motion was heard in this Court due to the fact that Plaintiff was no longer proceeding pro se. See ECF No. 74.

manifestly unjust; or (3) intervening change in controlling law is presented. Turner v. Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003). Local Rule 230(j) similarly requires a party seeking reconsideration to demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

## ANALYSIS

The orders that Plaintiff is requesting this Court reconsider were decided on the basis of claim preclusion. The Court found that Plaintiff's claims were barred because all of the allegations had been previously litigated and adjudicated in a Bankruptcy Court proceeding. ECF No. 65, 4:19-22. Plaintiff now asserts that reconsideration of this Court's judgment is appropriate based on a recent change in the law. Mot. for Relief, ECF No. 89-1, 11:7-15.

Specifically, Plaintiff argues that two recently decided cases—Jesinoski v. Countrywide Home Loans Inc., 135 S. Ct. 790 (2015) and Merrit v. Countrywide, 759 F.3d 1023 (9th Cir. 2014)—show that Plaintiff effectively rescinded the loan that was the basis for the suit prior to the bank's foreclosure. Plaintiff argues that because he rescinded his loan, the Bankruptcy Court somehow lacked subject matter jurisdiction. Reply, ECF No. 98, 11:15-20. This argument lacks merit. Even if, as Plaintiff claims, he effectively rescinded his loan and the creditor failed to take the appropriate steps, the Bankruptcy Court would have subject matter jurisdiction to adjudicate the case under the Truth in Lending Act, a federal law. Thus, this argument is unfounded and misconstrues the meaning of subject matter jurisdiction.

In essence, Plaintiff argues that under the above-described new case law, the Bankruptcy Court came to the wrong conclusion in his case. However, "[u]nder controlling precedent from the Supreme Court and the Ninth Circuit, the fact that a

1 judgment may have been wrong, or have rested on a since-repudiated legal principle,
2 does not alter the claim preclusive effect of a final judgment." Roche Palo Alto LLC v.
3 Apotex, Inc., 526 F. Supp. 2d 985, 999 citing Federated Dept. Stores, Inc. v. Moitie,
4 452 U.S. 394, 398 (1981); see also Clifton v. Atty. Gen. Of State of Cal., 997 F.2d 660,
5 663 (9th Cir. 1993) ("For us to conclude . . . that the district court's order has become an
6 'instrument of wrong' merely because it rests on a since repudiated rationale would be to
7 nullify the doctrine of res judicata."). In other words, a judgment need not be right to
8 preclude further litigation, it need only be final and on the merits. The Court determined
9 that the decision of the Bankruptcy Court was final and on the merits when it found that
10 claim preclusion applied.
11    Plaintiff's remedy in a case where the judgment was wrong or the law was later
12 overturned is an appeal, not a collateral attack. See Wall v. Kholi, 131 S. Ct. 1278, 1283
13 (2011) ("A collateral attack is an attack on a judgment in a proceeding other than a direct
14 appeal."). While Plaintiff attempts to allege in his Reply (ECF No. 99, 4: 13-21) that a
15 collateral attack on the Bankruptcy Court's decision is appropriate in this case based on
16 the reasoning in United States v. Tittjung, 235 F.3d 330 (7th Cir. 2000), that contention is
17 incorrect. The narrow exception to the general rule barring collateral attacks allows a
18 plaintiff to attack a previous court's judgment when such judgment was made in excess
19 of its jurisdiction. Id. at 335. As described above, Plaintiff has failed to allege facts to
20 indicate that the Bankruptcy Court acted outside of its jurisdictional authority when it
21 rendered its decision during the adversary proceeding.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

Because Plaintiff has not established a viable defense to overcome the doctrine of claim preclusion, this Court's previous Orders (ECF Nos. 86, 87) were not made in error, and Plaintiff's Motion for Relief pursuant to Federal Rule of Civil Procedure 60(b) and (d) (ECF No. 89) is DENIED.[3]

IT IS SO ORDERED.

Dated: April 20, 2015

MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] Because this Motion has been decided on the basis of claim preclusion, this Court need not address Plaintiff's Request for Judicial Notice (ECF No. 90).